*W. L. Porter, & Ritter, for appellant.*
*Everbach & Badger, for appellee.*

---

B. F. NORSWORTHY, ET AL. v. ELIZA J. SPARKS.

[Abstract Kentucky Law Reporter, Vol. 5—322.]

**Antenuptial Contract Consideration for Conveyance.**

Where by an antenuptial contract the husband agreed to secure the wife in the amount received by him from her, such an agreement is a good consideration for a conveyance to her of real estate after the husband became embarrassed financially, and such a con-

veyance will be enforced and will not be disturbed where made before liens attach and no allegation or proof is made that the land exceeded in value the sum received by the husband from his wife.

### APPEAL FROM CALLOWAY CIRCUIT COURT.

October 4, 1883.

Opinion by Judge Pryor:

The objection urged on the part of the appellants as to the manner in which this action was instituted can not prevail. It is distinctly alleged that both the husband and trustee refuse to unite in the action, and for that reason they are made defendants and the feme covert allowed to prosecute the cause in her own name.

There is an entire absence of testimony as to the fraud alleged to have been practiced by the husband and the wife in the conveyance made of the land in controversy. The appellants, with a conveyance of record in the county where the land was purchased, levied or had levied their executions and at the sales under them became the purchasers. They entered into the possession knowing the character of the appellee's title and can not be regarded in the light of innocent purchasers, but on the contrary they claim to hold upon the ground alone that the conveyance was either without consideration or actually fraudulent.

The antenuptial contract of 1845 is proved to have been executed, as well as the fact of the husband having received the money of the wife that the latter was entitled to from her first husband's estate. This writing was executed and delivered to the wife before her second marriage, by which the husband agreed to secure the wife in the amount received by him. She held this writing until the husband became embarrassed and then accepted the conveyance. That conveyance was based upon a consideration evidenced by an agreement that the chancellor would not hesitate to enforce, and having been made and recorded before the lien of the appellants was created there is no reason why it should be disturbed. The mere appearance of the antenuptial contract will not authorize this court to say that it was not executed at the time it bears date, and as there is no allegation or proof that the land exceeded in value the sum

received by the husband from the wife we can not reverse the judgment.

It is also urged that the appellee failed to allege that her husband had received of her estate any money, etc. This was not necessary. The wife by her trustee was invested with the title. Her conveyance made out a prima facie case and entitled her to recover as against an inferior title. The conveyance is admitted to have been made, but the defense is that it was fraudulent. This fraud is denied and proof taken by the appellee to sustain the consideration, and none taken by appellants. Under the pleadings and proof the appellee was entitled to recover.

There is no allowance for rents and should be none for improvements. The judgment is *affirmed*.

*W. W. Robertson, for appellants.*

*Gilbert & Reid, W. H. Smith, for appellee.*